UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| IAN WALLACE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:18-CV-396 CAS |
| ) | |
| PHARMA MEDICA RESEARCH, INC., et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on review of the file. Plaintiff filed this personal injury action against defendants Pharma Medica Research, Inc. and "Unknown Persons" on March 9, 2018, asserting jurisdiction on the basis of diversity of citizenship, 28 U.S.C. § 1332(a). The time for serving the "Unknown Persons" defendants with summons and complaint under Rule 4(m), Federal Rules of Civil Procedure, has passed.

In general, it is impermissible to name fictitious parties as defendants. Phelps v. U.S. Fed. Gov't, 15 F.3d 735 (8th Cir. 1994). However, "an action may proceed against a party whose name is unknown if the complaint makes allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery." Estate of Rosenberg by Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995) (quoted case omitted). Here, although the fictitious party defendants are both unidentified and indeterminate in number, the complaint arguably contains allegations that are specific enough to permit their identities to be ascertained through discovery.

"Courts have an independent obligation to determine whether subject-matter jurisdiction exists[.]" Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010). "Federal courts are courts of limited jurisdiction. The requirement that jurisdiction be established as a threshold matter springs from the

nature and limits of the judicial power of the United States and is inflexible and without exception." Kessler v. National Enters., Inc., 347 F.3d 1076, 1081 (8th Cir. 2003) (quotation marks and quoted case omitted). Statutes conferring diversity jurisdiction are to be strictly construed, Sheehan v. Gustafson, 967 F.2d 1214, 1215 (8th Cir. 1992), and the burden of proving all jurisdictional facts is on the party asserting jurisdiction. See McNutt v. General Motors Acceptance Corp. of Ind., Inc., 298 U.S. 178, 189 (1936). The Court cannot determine whether diversity jurisdiction exists in this case because the complaint is silent as to the citizenship of the "Unknown Persons" defendants.

A plaintiff filing a case in federal court may not avoid the requirement of pleading complete diversity of citizenship, "a crucial prerequisite which every plaintiff seeking diversity jurisdiction has the burden of alleging and eventually proving," Lee v. Airgas Mid-South, Inc., 793 F.3d 894, 899 (8th Cir. 2015) (cited case omitted), by naming fictitious party defendants. See id. (holding diversity jurisdiction not affected by fictitiously named defendants, but only because the Doe defendants were "obviously fictional placeholders" and the plaintiff raised no claim against them).[1]

In the present case, the "Unknown Persons" defendants are not mere fictional placeholders, as the complaint asserts a separate cause of action against them in Count II based on four specific allegations of negligent conduct. Complaint at 2, ¶¶ 10-14. As a result, the Court cannot ignore plaintiff's claims against the "Unknown Persons," and they affect the existence of diversity jurisdiction. Plaintiff's complaint is procedurally defective because it does not contain sufficient

---

[1]In Lee, the Eighth Circuit rejected the plaintiff's assertion that fictitiously named defendants in a diversity case originally filed in federal court should be treated the same as in a removed diversity case. The Court stated the two situations are different because 28 U.S.C. § 1441(b)(1) specifically requires courts to ignore the citizenship of "defendants sued under fictitious names" in a removed case, but there is no comparable requirement in cases originally filed in federal court. Lee, 793 F.3d at 899.

allegations of jurisdictional facts as to the "Unknown Persons" to permit the Court to determine whether diversity jurisdiction exists.

Although the complaint asserts that the identities of the "Unknown Persons" will be obtained in discovery, Complaint ¶¶ 5, 10, plaintiff has not sought leave of Court to conduct discovery under Rule 26(d)(1), Fed. R. Civ. P. Rather than dismissing plaintiff's claims against the "Unknown Persons" on its own motion, or dismissing the case without prejudice for lack of subject matter jurisdiction, the Court will permit plaintiff to attempt to identify the "Unknown Persons" through discovery. Plaintiff must then promptly amend his complaint to name the unknown defendants and plead jurisdictional facts as to their citizenship.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff is granted leave to promptly ascertain through appropriate discovery requests the identity of the "Unknown Persons" defendants, see Fed. R. Civ. P. 26(d)(1), and file proof of service upon them within sixty (60) days of the date of this Order. The named and served defendant shall cooperate with plaintiff in the discovery process. Upon learning the identity of the "Unknown Persons" defendants, plaintiff shall promptly amend his complaint to add these individuals as parties.

**Failure to comply timely and fully with this Order will result in dismissal without prejudice of plaintiff's claims against any unserved defendants**.

                                                            */s/ Charles A. Shaw*
                                                            **CHARLES A. SHAW**
                                                            **UNITED STATES DISTRICT JUDGE**

Dated this __15th__ day of June, 2018.