**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IAN WALLACE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-CV-396 CAS |
| | ) | |
| PHARMA MEDICA RESEARCH, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff Ian Wallace's Motion to Enforce Court Order and Motion to Compel. Defendant Pharma Medica Research, Inc. ("PMRI") has not responded to the motion and the time to do so has passed. The Court normally rules on discovery motions only at its monthly discovery motion docket, but reserves the right to issue a written ruling at its discretion. In the instant case, the Court finds the motion to compel fully explains the issues in dispute and oral argument is not needed to inform the Court's ruling.

**Background**

Plaintiff Ian Wallace ("plaintiff") participated in a research study at PMRI's facility in St. Charles, Missouri, that involved providing blood samples on several occasions. Plaintiff alleges the blood samples were drawn by defendant's employees and/or contractors (the "Unknown Persons" defendants named in the complaint) acting within the course and scope of their employment or agency relationship with PMRI, and as a result of their negligence, and the negligence of PMRI itself, plaintiff contracted hepatitis C. Plaintiff filed this action on March 9, 2018, asserting negligence claims against PMRI in Count I and negligence claims against the Unknown Persons in

Count II.  Plaintiff alleges that this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332.

As of June 15, 2018, this case had been on file in excess of ninety days but plaintiff had not filed proof of service on the Unknown Persons.  See Rule 4(m), Federal Rules of Civil Procedure.[1] The Court on its own motion issued an order stating it is unable to determine whether diversity jurisdiction exists in this case because the complaint is silent as to the citizenship of the Unknown Persons defendants (Doc. 7 at 2), and that the complaint is procedurally defective as a result (id. at 2-3).

The Court stated:

> Although the complaint asserts that the identities of the "Unknown Persons" will be obtained in discovery, Complaint ¶¶ 5, 10, plaintiff has not sought leave of Court to conduct discovery under Rule 26(d)(1), Fed. R. Civ. P.  Rather than dismissing plaintiff's claims against the "Unknown Persons" on its own motion, or dismissing the case without prejudice for lack of subject matter jurisdiction, the Court will permit plaintiff to attempt to identify the "Unknown Persons" through discovery.  Plaintiff must then promptly amend his complaint to name the unknown defendants and plead jurisdictional facts as to their citizenship.

Mem. and Order of June 15, 2018 at 3 (the "Order").  The Order granted plaintiff "leave to promptly ascertain through appropriate discovery requests the identity of the 'Unknown Persons' defendants, see Fed. R. Civ. P. 26(d)(1), and file proof of service upon them within sixty (60) days of the date of this Order."  Id.  The Court directed PMRI to cooperate with plaintiff in the discovery process, and ordered plaintiff to promptly amend his complaint to add the individuals as parties after they are

---

[1]Rule 4(m) provides in pertinent part, "If a defendant is not served within 90 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

identified.  Id.  Plaintiff subsequently served nine interrogatories and eight requests for production of documents on PMRI.

The Order authorized limited discovery related only to the issue of the Unknown Persons' identities.  This was because the parties had not yet conferred as required by Rule 26(f), see Rule 26(d)(1), Fed. R. Civ. P., and because the Court's subject matter jurisdiction over this case is uncertain.  A federal court may not proceed in a case unless it has subject matter jurisdiction.  See Crawford v. F. Hoffman-La Roche Ltd., 267 F.3d 760, 764 (8th Cir. 2001).

**Discussion**

A.  Motion to Compel

1.  *Interrogatories*

PMRI objects to interrogatory Nos. 1, 2, 6, 7, and 8 on the grounds that they seek information "beyond the scope of discovery as provided by the Court's Order" which allowed discovery as to "the identity of individuals who may be potentially named as Defendants in the lawsuit," and "seek[] information which is protected by HIPAA and other confidentiality provisions."  Objs. to Pl.'s Interrogatories (Pl. Ex. D.)  PMRI objects to interrogatory No. 9 on the basis that it is vague, overbroad, and unduly burdensome.[2]  PMRI did not object to interrogatory Nos. 3, 4, and 5, but did not answer those interrogatories.

The Court finds that plaintiff's interrogatory Nos. 1, 2, 6, 7, and 8 seek information on topics far beyond that authorized by the Order of June 15, 2018.  For example, interrogatory No. 1 states, "Identify each person by name, address (home, email work), telephone numbers (cell, home, work),

---

[2]Interrogatory No. 9 states, "Identify all persons and/or entities that you feel fall within the description of Unknown Persons in Count II of the complaint filed in this court."

3

occupation, place of employment and dates of blood drawn by you for each person who tested positive for hepatitis C who was in your study group(s) at your St. Charles location during the time that plaintiff was present at said location."  The Order did not allow this type of wide-ranging discovery, but instead specifically permitted limited discovery intended to reveal the names of the Unknown Persons defendants, and to permit the Court to determine whether subject matter jurisdiction exists in this case.  The Court also finds that interrogatory No. 9 is vague, overbroad, and unduly burdensome because it requires speculation by PMRI.

Plaintiff's interrogatory Nos. 3, 4, and 5 seek information relevant to the identity of the Unknown Persons defendants, and PMRI should have answered those interrogatories.

Plaintiff's motion to compel will denied as to interrogatory Nos. 1, 2, 6, 7, 8, and 9. Plaintiff's motion is granted as to interrogatory Nos. 3, 4, and 5, and PMRI shall answer those interrogatories within ten days of the date of this Order.

### 2. *Request for Production of Documents*

PMRI objects to plaintiff's request for production of documents Nos. 1 through 7 on the grounds that they seek information that is not relevant to the identify of the Unknown Persons defendants and beyond the scope of the Court's Order.  PMRI objects to request for production No. 8 as being vague, overbroad, and unduly burdensome.

The Court finds that requests for production Nos. 1, 2, 3, 4(b), 5, 6, 7, and 8(b) do not seek documents related to the identity of the Unknown Persons and are far beyond the scope of discovery allowed by the Order.  Request for production No. 8(a) is vague, overbroad, and unduly burdensome as it requires speculation by PMRI.

Interrogatory No. 4(a) seeks "[a]ny and all records which set forth the names, last known addresses, last known email addresses, telephone (cell, work, home) number for: (a) each of your employees who were present and whose job duties included drawing blood during any of Plaintiff's participations in your testing at your St. Charles facility." This request seeks relevant documents and PMRI will be ordered to produce responsive documents.

B. <u>Jurisdictional Issues</u>

As stated in the Order of June 15, 2018, "Courts have an independent obligation to determine whether subject-matter jurisdiction exists[.]" <u>Hertz Corp. v. Friend</u>, 559 U.S. 77, 94 (2010). "Federal courts are courts of limited jurisdiction. The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." <u>Kessler v. National Enters., Inc.</u>, 347 F.3d 1076, 1081 (8th Cir. 2003) (quotation marks and quoted case omitted). Statutes conferring diversity jurisdiction are to be strictly construed, <u>Sheehan v. Gustafson</u>, 967 F.2d 1214, 1215 (8th Cir. 1992), and the burden of proving all jurisdictional facts is on the party asserting jurisdiction, here the plaintiff. <u>See</u> <u>McNutt v. General Motors Acceptance Corp. of Ind., Inc.</u>, 298 U.S. 178, 189 (1936).

28 U.S.C. § 1332 requires complete diversity of citizenship between plaintiffs and defendants. <u>Buckley v. Control Data Corp.</u>, 923 F.2d 96, 97, n.6 (8th Cir. 1991). To establish complete diversity of citizenship, a complaint must include factual allegations of each party's state of citizenship, including allegations of any corporate party's state of incorporation and principal place of business. 28 U.S.C. §§ 1332(a), (c)(1); <u>Sanders v. Clemco Indus.</u>, 823 F.2d 214, 215 n.1, 216 (8th Cir. 1987).

Here, the Court cannot determine whether complete diversity of citizenship exists for two reasons. As stated in the Order, the complaint is silent as to the identity and citizenship of the "Unknown Persons" defendants. In addition, although the complaint alleges that PMRI is a Canadian corporation, it does not allege facts concerning PMRI's principal place of business. Plaintiff must file an amended complaint by September 26, 2018 that alleges sufficient jurisdictional facts as to all of the defendants included therein.

"In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." Carlson v. Arrowhead Concrete Works, Inc., 445 F.3d 1046, 1050 (8th Cir. 2006). Because plaintiff has not established that subject matter jurisdiction exists, the Court will vacate the Case Management Order as having been improvidently issued. A new case management order will be issued once jurisdiction has been established.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to compel is **GRANTED in part** and **DENIED in part**: The motion is **GRANTED** to the extent that defendant Pharma Medica Research, Inc. shall respond to plaintiff's Interrogatory Nos. 3, 4, and 5, and produce documents responsive to plaintiff's Request for Production of Documents No. 4(a), by **August 27, 2018**. The motion is **DENIED** in all other respects. [Doc. 13].

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint by **September 26, 2018**, that alleges sufficient jurisdictional facts as to all defendants named therein.

**IT IS FURTHER ORDERED** that the Case Management Order is **vacated**. [Doc. 10]

**Failure to comply timely and fully with this Order will result in dismissal of this action without prejudice for lack of subject matter jurisdiction**.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  16th  day of August, 2018.