UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| IAN WALLACE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:18-CV-396 CAS |
| ) | |
| PHARMA MEDICA RESEARCH INC., ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff Ian Wallace's ("plaintiff") Motion to Set Aside Order of Dismissal. Plaintiff attaches to his motion a proposed Amended Complaint, which the Court construes as an alternative motion for leave to amend. Defendant Pharma Medica Research Inc., ("PMRI") did not respond to the motion, and the time to do so has passed. For the following reasons the Court will deny plaintiff's motion.

**I.   Background**

Plaintiff filed this action on March 9, 2018, asserting negligence claims against PMRI (Count I) and negligence claims against the Unknown Persons (Count II). Plaintiff alleged in his Complaint that this Court had diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332.

As of June 15, 2018, the case had been on file in excess of 90 days, but plaintiff had not filed proof of service on the Unknown Persons. See Fed. R. Civ. P. 4(m). The Court on its own motion issued an Order stating it was unable to determine whether diversity jurisdiction existed in this case because the Complaint was silent as to the citizenship of the Unknown Persons

defendants. (Doc. 7 at 2). The Order granted plaintiff "leave to promptly ascertain through appropriate discovery requests the identity of the 'Unknown Persons' defendants, see Fed. R. Civ. P. 26(d)(1), and file proof of service upon them within sixty (60) days of the date of this Order." Id. The Court directed PMRI to cooperate with plaintiff in the discovery process and ordered plaintiff to promptly amend his Complaint to add the individuals as parties after they are identified. Id. Plaintiff subsequently served nine interrogatories and eight requests for production of documents on PMRI.

On July 30, 2018, plaintiff filed a motion to compel PMRI to respond to previously served interrogatories and requests for production of documents. (Doc. 13). In a Memorandum and Order dated August 16, 2018 the Court granted plaintiff's motion in part, and ordered PMRI to respond to Interrogatory Nos. 3, 4 and 5 and produce documents in response to plaintiff's Request for Production of Documents No. 4(a). (Doc. 15 at 6). The Court also ordered plaintiff to file an amended complaint by September 26, 2018. Id. The Court ordered, "Failure to comply timely and fully with this Order will result in dismissal of this action without prejudice for lack of subject matter jurisdiction." (Doc. 15 at 7).

As of October 3, 2018, plaintiff had not filed an Amended Complaint or requested an extension of time, and on that date the Court issued an Order of Dismissal dismissing the case, without prejudice, for lack of subject matter jurisdiction. (Doc. 17). On October 4, 2018, plaintiff filed the instant Motion to Set Aside Dismissal Order requesting that the Court vacate its October 3 Order and accept the Amended Complaint attached to the motion. (Doc. 18).

**II. Motion to Set Aside Dismissal Order**

Plaintiff asks the Court to reconsider its dismissal Order based on the fact that plaintiff's counsel overlooked the Court's deadline due to an unrelated trial in the District Court for the Eastern District of California and a discovery dispute. (Doc. 18 at 2). Plaintiff does not indicate

the procedural basis for his motion, and the Federal Rules of Civil Procedure do not contemplate motions for reconsideration. Motions such as plaintiff's are treated as motions to alter or amend judgment under Federal Rule of Civil Procedure 59(e). Hallquist v. United Home Loans, Inc., 715 F.3d 1040, 1044 n.2 (8th Cir. 2013) (citing Auto Servs. Co. v. KPMG, LLP, 537 F.3d 853, 855 (8th Cir.2008)). As such, plaintiff's motion is properly construed as a motion under Rule 59(e).

A court has broad discretion in considering a Rule 59(e) motion. Hagerman v. Yukon Energy Corp., 839 F.2d 407, 413 (8th Cir. 1988). Rule59(e) was adopted to clarify that "the district court possesses the power to rectify its own mistakes in the period immediately following the entry of judgment." White v. New Hampshire Dep't of Employment Sec., 455 U.S. 445, 450 (1982) (internal quotations omitted). A Rule 59(e) motion may be granted to correct a manifest error of law or fact, or to consider newly-discovered evidence. See Hagerman, 890 F.2d at 414 (citation omitted).

The arguments plaintiff makes in his two-page motion do not provide grounds for relief from the judgment under Rule 59(e). Plaintiff has failed to establish a manifest error of law or fact, the discovery of new evidence, or an intervening change in the law. Plaintiff missed the filing deadline due to attorney error. Plaintiff's counsel's unrelated trial and "hope" to resolve a discovery dispute are insufficient post hoc explanations for a failure to timely respond to the Court's August 16, 2018 Order. Therefore, the Court will deny plaintiff's Motion to Set Aside Order of Dismissal. (Doc. 18 at 2).

### III. Motion for Leave to Amend Complaint

Plaintiff attaches to his motion a proposed Amended Complaint, which the Court construes as a post-dismissal motion for leave to file an amended complaint. In general, "[p]ost-dismissal motions to amend are disfavored." In re Medtronic, Inc., Sprint Fidelis Leads Prod.

Liab. Litig., 623 F.3d 1200, 1208 (8th Cir. 2010). Although a district court "may not ignore the [Federal Rule of Civil Procedure] 15(a)(2) considerations that favor affording parties an opportunity to test their claims on the merits," it has "considerable discretion to deny a post-judgment motion for leave to amend . . . " U.S. ex rel. Roop v. Hypoguard USA, Inc., 559 F.3d 818, 824 (8th Cir. 2009). "A district court may appropriately deny leave to amend 'where there are compelling reasons 'such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment.'" Horras v. Am. Capital Strategies, Ltd., 729 F.3d 798, 804 (8th Cir. 2013) (quoting Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc., 406 F.3d 1052, 1065 (8th Cir.2005)). Numerous cases have ruled that unexcused delay is sufficient to justify denial of post-dismissal leave to amend, particularly when the plaintiff was put on notice of the need to change the pleadings. United States v. Mask of Ka-Nefer-Nefer, 752 F.3d 737, 743-44 (8th Cir. 2014) (citing Horras, 729 F.3d at 804; Hammer v. City of Osage Beach, 318 F.3d 832, 844 (8th Cir.2003); In re NationsMart Corp. Sec. Litig., 130 F.3d 309, 322-23 (8th Cir.1997)).

Here, plaintiff's counsel asserts that the delay in seeking to amend the complaint was due to an unrelated trial in the District Court for the Eastern District of California and PMRI's resistance to discovery. Plaintiff was on notice of the deadline, and he did not file a motion for extension of time or communicate with the Court in any way. The Court repeatedly warned that his complaint might be subject to dismissal. (See Doc. 7 at 3 ("Failure to comply timely and fully with this Order will result in dismissal without prejudice of plaintiff's claims against any unserved defendants."); Doc. 15 at 7 ("Failure to comply timely and fully with this Order will result in dismissal of this action without prejudice for lack of subject matter jurisdiction.")). The Court granted plaintiff two extensions to file an amended complaint, yet plaintiff failed to amend his complaint by September 26, 2018. (See Doc. 7 at 2 (ordering that plaintiff amend the

complaint to add the Unknown Persons by August 14, 2018); Doc. 15 at 7 (vacating the Case Management Order and ordering plaintiff to file an amended complaint by September 26, 2018)).

As for plaintiff's excuse that PMRI had not complied with the Court's discovery order, and the parties were attempting to resolve the dispute, the Court does not find this reason to be compelling. Plaintiff's counsel was aware of the supposed noncompliance in mid-September. At this point, plaintiff could have filed a motion for extension of time to file an amended complaint as a result of incomplete discovery, or filed the amended complaint without the discovery. Ignoring the deadline was not the correct course of action. Plaintiff's explanations for his failure to file an amended complaint prior to dismissal do not constitute excusable delay. Being busy with other, unrelated matters is not an excusable delay.

For the foregoing reasons, the Court will not permit plaintiff leave to file the proposed Amended Complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion to Set Aside Dismissal Order, or in the alternative for leave to file an amended complaint, is **DENIED.** (Doc. 18)

　　　　　　　　　　　　　　　　　　　　　　　/s/ Charles A. Shaw
　　　　　　　　　　　　　　　　　　　　　　　**CHARLES A. SHAW**
　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

Dated this 24th day of October, 2018.